# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 16, 2020

Lyle W. Cayce
Clerk

No. 19-60612
Summary Calendar

KAREN MARISELA HERNANDEZ-ESPINOZA,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 296 900

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Karen Marisela Hernandez-Espinoza, a native and citizen of El Salvador, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal of the Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). She contends that the BIA legally erred in affirming the IJ's decision because she was eligible for asylum

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and withholding of removal.  Hernandez-Espinoza argues that her credible testimony was sufficient to establish past persecution and a well-founded fear of future persecution on account of her membership in a cognizable particular social group, namely, "Salvadoran women who fear violence and delinquency in their home country."

The BIA found no clear error in the IJ's determination that Hernandez-Espinoza failed to demonstrate a nexus between gang members' actions and any immutable characteristic or membership in a particular social group.  The BIA's determination is supported by substantial evidence and is consistent with our precedent holding that economic extortion and conduct driven by purely personal or criminal motives do not constitute persecution on account of a protected ground.  *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015).  Hernandez-Espinoza's arguments on this issue are insufficient to compel a conclusion that she established the requisite nexus.  *See Martinez Manzanares v. Barr*, 925 F.3d 222, 227 (5th Cir. 2019); *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).  Because the nexus issue is dispositive of Hernandez-Espinoza's claims for asylum and withholding of removal, we need not address Hernandez-Espinoza's arguments that the BIA erred in concluding that she failed to establish past persecution or a well-founded fear of future persecution and that her proposed group was not a legally cognizable particular social group.  *See Martinez Manzanares*, 925 F.3d at 227.

Hernandez-Espinoza also contends that the BIA legally erred in affirming the IJ's denial of relief under the CAT because her credible testimony was sufficient to establish that it was more likely than not that she would be tortured upon her return to El Salvador.  She contends that although public

officials are aware of the gangs' criminal activities, they do nothing to intervene or prevent such activities.

The BIA determined that Hernandez-Espinoza was not eligible for CAT relief because she had not been subjected to torture and she had failed to show that it was "more likely than not that she [would] be tortured upon return to El Salvador, or that any torture would be at the instigation or with the consent or acquiescence (including willful blindness) of a current government official or person acting in an official capacity." The BIA's determination is supported by substantial evidence, and the record does not compel a contrary conclusion. *See Ramirez-Mejia*, 794 F.3d at 493-94; *Orellana-Monson*, 685 F.3d at 518; *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350-51 (5th Cir. 2006).

Accordingly, Hernandez-Espinoza's petition for review is DENIED.